**COSTELLO & MAINS, LLC**
By: Deborah L. Mains, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| ZACHARY CHIN | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| MAX ONE RETAIL LLC DBA FRIENDLY'S; MAX ONE PROPERTIES LLC; JAMES YANUCIL AND JOHN DOES 1-5 AND 6-10 | DOCKET NO: |
| Defendants. | |
| | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Zachary Chin, residing in the County of Burlington, State of New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, sec et seq. ("FLSA").

**Jurisdiction and Venue**

Jurisdiction of the court is invoked pursuant to 29 U.S.C. Sec. 216 (b) 28 U.S.C Sec. 1331 and 28 U.S.C. Sec. 1332.

Because plaintiff and defendants are residents of the District of New Jersey, venue is proper within this District pursuant to 28 U.S.C. SEC. 1391.

## Identification of Parties

1. Plaintiff Zachary Chin resides at 5 Raleigh Lane, Marlton, New Jersey 08053 and at all pertinent times herein, was employed by defendants.

2. Defendant Max One Retail LLC dba Friendly's ("Friendly's") is a business entity conducting in the state of New Jersey at 101 Route 70 West, Marlton, New Jersey 08053, and is an employer within the meaning of the FLSA.

3. Defendant Max One Properties LLC is a business entity conducting business in the state of New Jersey at 101 Route 70 West, Marlton, New Jersey 08053, and is an employer within the meaning of the FLSA.

4. Defendant James Yanucil is an individual who acts directly or indirectly in the interests of Friendly's and Max One Properties LLC in relation to their employees, including plaintiff.

5. Friendly's and Max One Properties LLC are an enterprise within the meaning of the FLSA.

6. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

7. Plaintiff began working for defendants in or around March of 2015 as a fountain worker.

8. Plaintiff later became a server for defendants earning $2.63 per hour plus tips.

9. At all relevant times herein, plaintiff performed his duties up to or beyond the reasonable expectations of his employer.

10. In or around July 21, 2019, defendant and owner, James Yanucil sent an email to all employees discussing a tip pool for greeters, fountain, and bussers.

11. The email did not state whether back of house employees, such as dishwashers, would be included in the tip pool.

12. Plaintiff was later informed by the owner and members of management that part of the percentage being taken from servers was being used to pay dishwashers.

13. The FLSA allows for the pooling of tips "among employees who customarily and regularly receive tips" pursuant to 29 U.S.C. sec 203 (m).

14. 29 CFR Sec. 531.7 pertinently states the phrase "customarily and regularly" as it pertains to the definition of "tipped employee," to signify "a frequency which must be greater than an occasional but which may be less than constant."

15. Upon information and belief, dishwashers would not fall within the definition of a "customarily and regularly tipped employee."

16. At no time was plaintiff given notice that a portion of his tip out would be provided to dishwashers.

17. As dishwashers are not customarily and regularly tipped employees and because dishwashers do not provide direct customer service it is improper for defendants to withhold plaintiffs' tips to provide their hourly pay.

18. As such, plaintiff is entitled to receive minimum wage for all hours worked.

19. Plaintiff is further entitled to an award of liquidated damages.

## COUNT I

## **FLSA Violation**

20. Plaintiff hereby repeats and realleges paragraphs 1 through 19, as though fully set forth herein.

21. Defendants, by the above acts, have violated 29 U.S.C. sec 203 (m).

22. Plaintiff has suffered money damages as a result of the defendants' acts.

WHEREFORE, plaintiff respectfully requests that this court enter a judgment;

(a) declaring the acts and practices complained of herein are in violation of the FLSA;

(b) declaring the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. sec 255 (a);

(c) Enjoining and restraining permanently the violations herein, pursuant to 29 U.S.C. sec 217;

(d) directing defendants to plaintiff's all unpaid wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the dates such wages were unpaid or withheld;

(e) directing defendants to play plaintiff in additional amount of liquidated damages as provided in 29 U.S.C. sec 216 (b);

(f) awarding plaintiff the costs of this action together with reasonable attorney's fees as provided in 29 U.S.C. sec 216 (b);

    (g)  granting such other and further relief as this court deems necessary and proper.

              **COSTELLO & MAINS, LLC**

Dated: March 17, 2020       **By:** **/s/Deborah L. Mains**
               **Deborah L. Mains**

5

## **DEMAND TO PRESERVE EVIDENCE**

1.    All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.    Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: **/s/Deborah L. Mains**
      Deborah L. Mains

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: **/s/Deborah L. Mains**
      Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/Deborah L. Mains_____**
　　**Deborah L. Mains**